UNIVERSAL SPECIALTIES, INC., Plaintiff,

v.

UNITED STATES of America, Defendant.

Civ. A. No. 77–933.

United States District Court, District of Columbia.

Aug. 31, 1977.

William J. Platzer, Alexandria, Va., for plaintiff.

Mikal H. Frey, Tax Div., Dept. of Justice, Washington, D. C., for defendant.

## MEMORANDUM OPINION

JUNE L. GREEN, District Judge.

Plaintiff filed this action on June 1, 1977, alleging that a wrongful levy occurred in June 1974 and that requests for return of money were submitted to the Internal Revenue Service on December 27, 1976 and April 13, 1977.

This matter is currently before the Court on defendant's motion to dismiss for lack of subject matter jurisdiction and plaintiff's opposition thereto.

In support of its motion, defendant contends that 26 U.S.C. § 7426(a)(1),[1] which gives this Court jurisdiction over wrongful levy actions, is in turn governed by 26 U.S.C. § 6532(c). The latter section provides that such suits must be brought within nine months of the date of levy. However, upon filing a request for the return of the levied property, the nine months may be extended. Since neither the request nor the suit was timely filed, defendant claims that this Court lacks jurisdiction.

Plaintiff, in its opposition, alleges that the nine-month limitation imposed by 26 U.S.C. § 6532(c)(1) does not begin to run until plaintiff has received notice of the seizure.

In *American Honda Motor Co., Inc. v. United States,* 363 F.Supp. 988 (S.D.N.Y. 1973), the plaintiff therein made the same argument. In rejecting it, the Court stated:

". . . IRS has no duty to notify creditors, qua creditors . . . . The nine-month period begins on the date when the notice of levy is served upon the person in possession of the taxpayer's property, not when a creditor of the taxpayer receives notice of the levy. If the creditor's argument were accepted in a case involving several creditors, all of whom received notice on a different date, there would be several different nine-month periods. This situation would clearly be unworkable. (Cases cited). Therefore, the creditor's lack of actual or constructive notice of the levy does not toll the nine-month period." 363 F.Supp. at 991.

Likewise, this Court must reject plaintiff's argument. Since the levy occurred in June 1974, plaintiff had until March 1975 to file its request for the return of the levied property or commence its action. Its initial request was not filed until December 27, 1976 and this action was not begun until June 1, 1977, some three years after the levy. Therefore, this action is time-barred and this Court lacks subject matter jurisdiction.

Accordingly, defendant's motion to dismiss is granted and this case is dismissed. An appropriate order is entered herewith.

---

1. 26 U.S.C. § 7426(a)(1) provides, in pertinent part:

(1) *Wrongful levy.*—If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary or his delegate.