**UNITED SAND AND GRAVEL CONTRACTORS, INC., Plaintiff-Appellant,**

v.

**UNITED STATES of America, Defendant-Appellee.**

No. 79-2322.

United States Court of Appeals, Fifth Circuit.

Aug. 22, 1980.

Rehearing Denied Oct. 8, 1980.

---

**734**

D. Irvin Couvillion, Baton Rouge, La., Tucker L. Melancon, Marksville, La., for plaintiff-appellant.

M. Carr Ferguson, Asst. Atty. Gen., Jay Miller, Tax Div., Dept. of Justice, Washington, D.C., Gilbert E. Andrews, Chief Appellate Section, Crombie J. D. Garrett, Tax Div., Dept. of Justice, Washington, D.C., for the U.S.

Before GOLDBERG, GARZA and REAVLEY, Circuit Judges.

GOLDBERG, Circuit Judge:

Appellant United Sand and Gravel Contractors, Inc. ("United Sand"), plaintiff below, is attempting to recover from the United States, appellee, $8,600 it has never received for work performed as a subcontractor on a prime contract between Americ Constructions of New Orleans, Inc. ("Americ") and the United States Army Corps of Engineers ("Corps"). The court below dismissed the suit, holding that the suit was not filed within the nine-month time period established by the relevant statute. We agree with the district court and therefore affirm its decision.

Most of the material facts are not seriously disputed. On review of this dismissal on the pleadings, we accept United Sand's factual allegations on any issues which are not free from doubt. United Sand is a sand and gravel contractor. In 1974, it entered into a subcontract with Americ to perform services under a prime contract between Americ and the Corps. The prime contract related to improvements to the West Atchafalaya River Levee near Krotz Springs, Louisiana.

On September 1, 1976, Americ notified the Corps that the final payment of $8,600 due on the prime contract should be made payable jointly to Americ and United Sand. This payment would also have been the final payment to United Sand for its work as a subcontractor.

On September 30, 1976, before the $8,600 had been disbursed, the Internal Revenue Service ("I.R.S.") served the Corps with a notice of levy in the amount of $13,189.52 for the seizure of all property held by the Corps for the account of Americ. The $13,189.52 represented unpaid tax obligations of Americ. The Corps submitted a check in the amount of $8,600 to the I.R.S. United Sand asserted a claim to the $8,600 by letter to the I.R.S. dated August 9, 1977.[1] On January 12, 1978, the I.R.S. denied the request as untimely.

On June 2, 1978 United Sand filed its complaint "for enforcement of assignment proceeds and for return of property wrongfully levied." The United States moved to dismiss for lack of subject matter jurisdiction or, in the alternative, for failure to state a claim upon which relief can be granted. The court below granted the motion of the United States, holding that the action was not filed within the period established by I.R.C. § 6532(c) and that no claim was stated against the Corps because it had no right to resist the levy.

I.R.C. § 7426 allows persons other than the taxpayer against whom an assessment is made who claim an interest in property which has been levied upon to sue to recover their property.[2] I.R.C. § 6532(c) requires that such suits be filed within nine months from the date of the levy unless a request is made for the return of the property.[3] If a request is made, the period for filing is

---

1. Although United Sand's complaint alleges merely that it asserted its claim by a "timely written request" without specifying a date, Record at 7, it is undisputed that the date of the request was August 9, 1977. *See* Brief for Appellant at 4.

2. I.R.C. 7426(a)(1) states:

   If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such action may be brought without regard to whether such property has been surrendered to or sold by the Secretary.

3. I.R.C. § 6532(c) provides:

   (1) *General rule.* Except as provided by paragraph (2), no suit or proceeding under section 7426 shall be begun after the expiration of 9 months from the date of the levy or agreement giving rise to such action.

   (2) *Period when claim is filed.* If a request is made for the return of property described in section 6343(b), the 9-month period prescribed in paragraph (1) shall be extended for a period of 12 months from the date of filing of such request or for a period of 6 months from the date of mailing by registered or certified mail by the Secretary to the person making such request of a notice of disallowance of the part of the request to which the action relates, whichever is shorter.

extended to the shorter of twelve months from the filing of the request or six months from notification of denial of the request.

Since the levy at issue here occurred on September 30, 1976 and the suit was not filed until June 2, 1978, the suit was not timely under § 6532 unless United Sand's request dated August 9, 1977 effectively extended the period. If the request extended the period, the suit is timely because it was filed less than six months after January 12, 1978, the date of the denial of the request by the I.R.S.

Section 6532(c)(2) does not explicitly specify when a request must be made to the I.R.S. However, it is implicit in the structure of section 6532(c) that the request must be filed within nine months of the levy. If the nine month period during which a suit must be filed could be extended by filing a request after the nine month period has ended, the nine month rule would be without effect, and there would be no effective limitation period. Both the Treasury Regulations, *see* Treas. Regs. § 301.6532–3(c) (1974), § 301.6343–1(b)(1) (1972), and the only courts that have faced the issue, *see Universal Specialties, Inc. v. United States*, 443 F.Supp. 87 (D.D.C.1977); *De Gregory v. United States*, 395 F.Supp. 171 (E.D.Mich.1975), adopt the position that a section 6532(c)(2) request must be filed within nine months of the date of levy to extend the nine month period. We agree.

United Sand contends that since both the I.R.S. and the Corps are agencies of the United States government, any levy purportedly conducted by the I.R.S. upon property held by the Corps was not actually a levy but was rather a set off which affected only the rights of Americ. Neither party disputes that the United States may refuse to pay funds owed to a contractor who owes taxes to the United States, and may apply these funds as a set off against the tax indebtedness. *See, e. g., United States v. Trinity Universal Insurance Co.*, 249 F.2d 350 (5th Cir. 1957); *Aetna Insurance Co. v. United States*, 456 F.2d 773, 197 Ct.Cl. 713 (1972). United Sand, however, contends that even if the the I.R.S. goes through the formalities of levying upon property or rights to property of a tax delinquent in the hands of another agency of the government, the legal effect of such action is the same as if the government has proceeded by set off. We disagree:

First, there is nothing in the general levy authorization statute, I.R.C. § 6331,[4] excepting from its reach property which is in the hands of an agency of the United States. The authorization to collect unpaid taxes by levy applies to "*all* property and rights to property (except . . . property . . . exempt under section 6334)," *id.* (emphasis added), of the tax delinquent. *See Field v. United States*, 263 F.2d 758, 763 (5th Cir. 1959).

Second, it has been an established practice of the I.R.S., recognized by the courts, to proceed against property in the hands of other federal agencies by a formal levy rather than by set off. *See, e. g., United States v. Freedman*, 444 F.2d 1387 (9th Cir. 1971); *Carlo v. United States*, 286 F.2d 841, 848–49 (2d Cir.), *cert. denied*, 366 U.S. 944, 81 S.Ct. 1672, 6 L.Ed.2d 855 (1961); *Simpson v. Thomas*, 271 F.2d 450 (4th Cir. 1959);

---

4. I.R.C. § 6331(a) provides:

If any person liable to pay any tax neglects or refuses to pay the same within 10 days after notice and demand, it shall be lawful for the Secretary to collect such tax (and such further sum as shall be sufficient to cover the expenses of the levy) by levy upon all property and *rights to property* (except such property as is exempt under section 6334) belonging to such person or on which there is a lien provided in this chapter for the payment of such tax. Levy may be made upon the accrued salary or wages of any officer, employee, or elected official, of the United States, the District of Columbia, or any agency or instrumentality of the United States or the District of Columbia, by serving a notice of levy on the employer (as defined in section 3401(d)) of such officer, employee, or elected official. If the Secretary makes a finding that the collection of such tax is in jeopardy, notice and demand for immediate payment of such tax may be made by the Secretary and, upon failure or refusal to pay such tax, collection thereof by levy shall be lawful without regard to the 10-day period provided in this section.

*Field, supra.* United Sand attempts to distinguish these cases by noting that in none were rights of third parties involved. This distinction, however, does not affect the conclusion reached by the cases; to wit, that the reach of section 6331(a) is broad and that the section contains no implied exclusion for property in the hands of a federal agency.

█ United Sand attempts to find such an implied exclusion in the second sentence of section 6331(a), in which Congress explicitly stated that the salary or wages of federal employees is subject to levy. A similar argument was made, and rejected by the Supreme Court, in *Sims v. United States,* 359 U.S. 108, 79 S.Ct. 641, 3 L.Ed.2d 667 (1959). In *Sims,* the Court faced the argument that "by specifically providing in § 6331 for levy upon the accrued salaries of federal employees, but not mentioning state employees [Congress] evinced an intention to exclude the latter from levy." *Id.* at 112, 79 S.Ct. at 645. The Court rejected this argument, noting that the specific inclusion of salaries of federal employees was intended to overcome the holding of *Smith v. Jackson,* 246 U.S. 388, 38 S.Ct. 353, 62 L.Ed. 788 (1918), that, absent congressional authorization, federal disbursing officers have no authority to withhold the salary of a federal officer.

Just as the specific inclusion of salaries of *federal* employees was held in *Sims* not to exclude by implication salaries of *state* employees, we now hold that the specific inclusion of federal *salaries* does not exclude by implication federal *contract payments.* Since there has never been a holding like *Smith, supra,* prohibiting those in charge of federal payments other than salaries from withholding those payments to satisfy other debts, Congress would have perceived no necessity to provide specific authorization

to withhold any type of payment other than salaries. The general language of the first sentence of section 6331 is sufficient to empower the I.R.S. to levy upon property or rights to property which is in the hands of other government agencies.

Third, the contention that the transfer of funds from one federal agency to another has no real effect but is merely a bookkeeping transfer misses the point that the I.R.S. levies upon rights to property of the *taxpayer,* not the other agency. *See* I.R.C. § 6331(a). Prior to the notice of levy, the Corps was obligated to deliver the $8,600 in question to Americ. After the levy, the Corps was obligated to deliver the funds to the I.R.S. *See* I.R.C. § 6332. The rights seized by levy belonged to *Americ* not the Corps.[5]

United Sand contends that 28 U.S.C. § 2410 provides an alternate waiver of the sovereign immunity of the United States[6] to suits like this one. United Sand alleged that it possessed a security interest in the $8,600 levied upon by the United States, and that its present action is one to "foreclose a mortgage or other lien upon . . . property on which the United States has or claims a mortgage or other lien." 28 U.S.C. § 2410. This argument fails for two reasons.

First, the United States does not "ha[ve] or claim a mortgage or other lien" upon the $8,600 but rather possesses the $8,600 outright. Although there is a dearth of authority on the question of whether the waiver applies in cases in which the United States has or claims outright ownership rather than a mortgage or other lien, the few we have been able to locate which explicitly address this issue are in accord with our view that the above-quoted language does not encompass cases like the one before us. *See Hull v. Tollefson,* 138

---

**5.** United Sand's hypothetical queries concerning what the I.R.S. might have done if the Corps had refused to honor the levy, although interesting, strike us as beside the point. The levy was in fact honored by the Corps, and the question before us is what effect this had on the rights of United Sand.

**6.** Since the United States is immune from suit except where Congress has waived its immunity, *see, e. g., United States v. Sherwood,* 312 U.S. 584, 586, 61 S.Ct. 767, 769, 85 L.Ed. 1058 (1941), the suit here can be maintained only if it falls within a statute waiving sovereign community.

F.Supp. 315 (D.N.D.1956); *Tri-State Insurance v. United States*, 129 F.Supp. 115 (W.D.Okla.1955); *cf. Wells v. Long*, 68 F.Supp. 671 (D.Idaho 1946), *aff'd on other grounds*, 162 F.2d 842 (9th Cir. 1947) (earlier version of statute).

■ Second, even if section 2410 waives sovereign immunity to suits disputing ownership to property possessed by the United States [7] when the claimant has no other, more specific remedy, it does not prevent Congress from providing a shorter limitation period for specific types of actions.[8] When Congress phrases a limitation period for a general class of suits against the United States in negative terms, it is free to provide more stringent limitation periods for particular types of actions within the general class. *See United States v. A.S. Kreider Co.*, 313 U.S. 443, 61 S.Ct. 1007, 85 L.Ed. 1447 (1941).

*Kreider* involved a situation very much like the one here. The general provision was section 24(20) of the Judicial Code, an earlier version of 28 U.S.C. § 2401, which set a limitation period for suits against the United States. The specific provision provided a shorter limitation period for suits for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected. The Court said that the language of section 24(20) [9]

> was intended merely to place an outside limit on the period within which all suits

might be initiated under § 24(20). Clearly nothing in that language precludes the application of a different and shorter period of limitation to an individual class of actions even though they are brought under § 24(20). Phrasing the condition negatively, Congress left it open to provide less liberally for particular actions which, because of special considerations, required different treatment.

*Id.* at 447, 61 S.Ct. at 1010.

Section 2401(a) is also couched in negative terms: "Every civil action commenced against the United States shall be barred unless the complaint is filed within six years after the right of action first accrues." 28 U.S.C. § 2401(a). This, like its earlier version in Section 24(20) of the Judicial Code, merely establishes an outside limit. Nothing in its language precludes Congress from enacting a shorter limitation period for certain classes of actions.

■ I.R.C. § 6532(c) is precisely such a statute. It prescribes a shorter limitation period for a certain class of actions for which Congress has decided a short period is desirable.

If persons who claim an interest in property seized by the United States to satisfy a third person's taxes can challenge an I.R.S. levy by a cause of action which falls within 28 U.S.C. § 2410, the intent of Congress to set a short time limit for wrongful levy actions will be completely undercut. Rath-

---

**7.** *United States v. Creamer Industries, Inc.*, 349 F.2d 625 (5th Cir.), *cert. denied*, 382 U.S. 957, 86 S.Ct. 434, 15 L.Ed.2d 361 (1965); *Logan Planing Mill Co. v. Fidelity and Casualty Co. of New York*, 212 F.Supp. 906 (S.D.W.Va.1962); and *Fried v. New York Life Insurance Co.*, 124 F.Supp. 345 (E.D.N.Y.1954), relied on by United Sand, merely establish the proposition that an action to quiet title to property not in the hands of the United States may be brought against the United States under 28 U.S.C. § 2410(a)(1). None of these cases involves property already levied upon by, and in the possession of the United States.

**8.** United Sand relies on *Aqua Bar & Lounge v. United States Department of Treasury*, 539 F.2d 935 (3d Cir. 1976), and *Seattle Association of Credit Men v. United States*, 240 F.2d 906 (9th Cir. 1957) for the proposition that 28 U.S.C. § 2410 applies to suits concerning prop-

erty seized by the I.R.S. prior to the initiation of suit. However, in neither of these cases was a more specific remedy available to the plaintiff. *Seattle Association, supra*, was decided prior to the enactment in 1966 of section 7426, which created the cause of action for wrongful levy. In *Aqua Bar, supra*, the plaintiff was the taxpayer whose property had been levied upon; the court held that if section 2410 was inapplicable, "the taxpayer would have no available means of enforcing compliance with the procedures [governing seizures and sales by the I.R. S.]." *Id.*, 539 F.2d at 939.

**9.** "No suit against the Government of the United States shall be allowed . . . unless the same shall have been brought within six years after the right accrued for which the claim is made."

er than the short limit established by I.R.C. § 6532(c), which encourages the swift adjudication of challenges to I.R.S. levies, the six-year time limit of 28 U.S.C. § 2401 would apply.

We are buttressed in this view by the legislative history of the Federal Tax Lien Act of 1966, which created the cause of action for wrongful levy by the I.R.S. The Senate Report on the Act states that:

> Under present law, . . . the United States cannot be sued by third persons where its collection activities interfere with their property rights. This includes cases where the Government wrongfully levies on one person's property in attempting to collect from a taxpayer. . . .
>
> Your committee believes where the Government levies on property which, in part at least, a third person considers to be his, he is entitled to have his case heard in court. . . .
>
> [Therefore], . . . your committee's bill permits wrongful levy actions . . . to be brought against the Government by nontaxpayers. . . .

S.Rep.No. 1708, 89th Cong., 2d Sess., *reprinted in* [1966] U.S.Code Cong. & Admin. News, pp. 3722, 3750–51.

United Sand advances the further argument that the Corps held more than $28,000 in funds of Americ other than the $8,600 levied upon, and that the levy should be deemed to have been honored by those other funds. We view this contention as yet a further attempt by United Sand to circumvent its failure to follow the procedures necessary to pursue a suit for wrongful levy under I.R.C. § 7426(a). The levy was not paid from other funds, but from the $8,600 claimed by United Sand. The $8,600 was in fact levied upon and transferred to the I.R.S. United Sand had no interest in the other $28,000. The Corps was required by I.R.C. § 6332 to turn over funds due Americ.[10]   Once the funds were turned over, United Sand's remedy was a wrongful levy action.

■   When someone other than the taxpayer claims an interest in property or rights to property which the United States has levied upon, his exclusive remedy against the United States is a wrongful levy action under I.R.C. § 7426.[11]   That section waives the sovereign immunity of the United States for such actions, and limits the relief that may be granted. I.R.C. § 6532(c) sets a short statute of limitations for such suits. The obvious reason for a short statute of limitations is to resolve doubts concerning the status of the taxpayer's account swiftly. If someone else successfully claims property already credited against the taxpayer's tax liability, the United States must look to other assets of the taxpayer to satisfy the taxpayer's liability. I.R.C. § 6532(c) protects the legitimate interest of the United States in requiring other claimants of the seized property to bring their claims quickly.

The wrongful levy action under I.R.C. § 7426 "fits the present case like a glove," as the district court aptly stated. United Sand failed to file a timely claim, and thus cannot avail itself of this remedy. It may well be that, were the Corps a private party rather than an agency of the United States, United Sand would have a second potential defendant from which to attempt to recover its "lost" funds. However, the Corps *is* a federal agency. The United States need not provide parties in the position of United Sand here with alternate remedies. As we have noted, several of United Sand's theories would make meaningless the nine month limitation contained in I.R.C. § 6532(c). *See* p. 736, *supra*; p. 738 *supra*. Because we do not believe Congress intended its provision to be meaningless, and because we hold that I.R.C. § 7426 is

---

**10.** I.R.C. § 6332 requires any person in possession of property or rights to property subject to levy upon which a levy has been made to surrender such property or rights to the I.R.S., unless the property or rights are subject to an attachment or execution under judicial process.

**11.** The plaintiff may have other remedies against other defendants. *See, e. g., World Marketing, Ltd. v. Hallam*, 608 F.2d 392 (9th Cir. 1979).

the exclusive remedy against the United States for parties other than taxpayers complaining that their property has been wrongfully levied upon, we affirm the decision below.

AFFIRMED.