9 F.3d 1549
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Nancy KNIES, Plaintiff-Appellant,
v.
INTERNAL REVENUE SERVICE, Defendant-Appellee.
 No. 93-1496.
 United States Court of Appeals, Seventh Circuit.
 Submitted Oct. 26, 1993.[1]
Decided Nov. 9, 1993.
 
 Before POSNER, Chief Judge, RIPPLE and ILANA DIAMOND ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff appeals from a district court order dismissing her suit to recover property levied by the Internal Revenue Service. For the reasons stated in the attached district court decision and order dismissing plaintiff's action for lack of subject matter jurisdiction (26 U.S.C. § 7426) and for mootness, the appeal is AFFIRMED.
 
 ATTACHMENT
 
 2
 NANCY KNIES, Plaintiff,
 
 
 3
 vs
 
 
 4
 UNITED STATES OF AMERICA, COMMISSIONER OF INTERNAL REVENUE,
 
 
 5
 MICHAEL CLARK, Defendants.
 
 
 6
 Case No. 90-C-237.
 
 DECISION AND ORDER
 
 7
 RUDOLPH T. RANDA, District Judge.
 
 
 8
 This matter comes before the Court on Defendants' Motion to Dismiss or, Alternatively, for Summary Judgment. The matter is scheduled for a Final Pretrial Conference on February 2 and a Court Trial on February 9, 1993. For the following reasons, Defendants' Motion for Summary Judgment is granted and the case is dismissed.
 
 FACTUAL AND PROCEDURAL BACKGROUND
 
 9
 Leroy and Nancy Knies worked as caretakers for a company called Feldman Real Estate Management ("Feldman"). (Knies Trial Memo at 1.) Although both performed services for Feldman, they were jointly paid for those services by means of a single periodic paycheck made payable to Leroy Knies. (Complaint at ("IRS") assessed Leroy Knies for his failure to pay income taxes during the years 1979 through 1986. (Seventh Circuit Decision at 1-2.) Pursuant to that assessment, the IRS issued two levies against Leroy Knies' paycheck(s) from Feldman. (Id.) In response, both Leroy and Nancy Knies filed this lawsuit. Leroy Knies challenged the IRS' initial assessment of an income tax deficiency. (Complaint at 6-7.) Nancy Knies brought a claim for wrongful levy under 26 U.S.C. § 7426(a), seeking the return of that portion of the paycheck(s) levied upon by the IRS which represented her wages from Feldman and which therefore could not be seized. (Complaint at 1, 3-4.) Nancy Knies also sought general damages for the Government's alleged improper levy. (Complaint at 1, 7-8.)
 
 
 10
 Both Leroy and Nancy Knies' claims were initially dismissed by the Honorable Robert W. Warren, who denied Leroy Knies' claims for lack of subject matter jurisdiction and Nancy Knies' claims on the basis that a third party can never bring a suit for wrongful levy if the taxpayer at issue has any interest in the property levied by the Government. (Hon. Robert W. Warren Order dated September 25, 1990.) The Knies' appealed, and the Seventh Circuit upheld the dismissal of Leroy Knies' claims, but reversed the dismissal as to Nancy Knies' claims. (Seventh Circuit Decision at 6.) The Seventh Circuit held that, although the Government clearly had the authority to seize Leroy Knies' property pursuant to an administrative levy, third parties (like Nancy Knies) who claim an interest in the same property may sue for the return of their portion of the property under § 7426. (Id. at 4-5.) Such a claim does not depend upon whether the taxpayer at issue also has an interest in that property; rather, the question becomes "what, if any, rights [Nancy Knies] has to the checks that were levied upon", i.e., what portion of the checks belong to Nancy Knies. (Id.) Thus, the case was remanded to this Court for purposes of determining that issue. (Id. at 4-6.)
 
 
 11
 Six months after the Seventh Circuit's decision, a critical event took place. The Government authorized Feldman to release those funds due and owing to Nancy Knies, and the wages were subsequently paid. (Knies Trial Memo at 3, 6.) Thus, as Nancy Knies herself admits, the only issue remaining in the case is whether the Government is also liable to her for general damages, which Knies characterizes as the denial of her use of these funds for over two years and the loss of her job with Feldman. (Id. at 5-6.)
 
 LEGAL ANALYSIS
 
 12
 This is a lawsuit against the United States.[1] "Since the United States is immune from suit except where Congress has waived its immunity, the suit here can be maintained only if it falls within a statute waiving sovereign immunity." United Sand & Gravel Contractors, Inc. v. U.S., 624 F.2d 733, 737, n. 6 (5th Cir.1980) (Citations omitted). The only statutory waiver relevant here is that contained in § 7426, and that provision only allows a suit for the return of levied property, not general damages. It is well-established that the exclusive remedy for an innocent third party whose property is confiscated by the IRS to satisfy another person's tax liability is a civil suit to regain the property, and that any claim for general damages is therefore barred. See, Winebrenner v. U.S., 924 F.2d 861, 853-55 (9th Cir.1991) and cases cited therein. Insofar as Mrs. Knies now admits that her property has been released to her, her wrongful levy claim is moot, and any remaining claim for general damages is dismissed as a matter of law.
 
 
 13
 Dated at Milwaukee, Wisconsin, this 27th day of January, 1993.
 
 
 14
 SO ORDERED.
 
 
 
 [1]
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Circuit Rule 34(f). No such statement having been filed, the appeal has been submitted on the briefs and record
 
 
 [1]
 Although IRS Commissioner Michael Clark was also named as a defendant to this suit, the Seventh Circuit noted that Clark is immune from liability under § 7426(d). (Seventh Circuit Decision at 5, n. 5.)