**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

TOMPKINS & MCMASTER,
Plaintiff-Appellant,

v.                                                                                  No. 95-1882

UNITED STATES OF AMERICA,
Defendant-Appellee.

Appeal from the United States District Court
for the District of South Carolina, at Columbia.
Dennis W. Shedd, District Judge.
(CA-94-3261-3-19)

Argued: May 6, 1996

Decided: July 12, 1996

Before RUSSELL and MICHAEL, Circuit Judges, and PAYNE,
United States District Judge for the Eastern District of Virginia,
sitting by designation.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

**ARGUED:** J. Fitzgerald O'Connor, Jr., Columbia, South Carolina,
for Appellant. Gilbert Steven Rothenberg, Tax Division, UNITED
STATES DEPARTMENT OF JUSTICE, Washington, D.C., for
Appellee. **ON BRIEF:** Henry Dargan McMaster, TOMPKINS &
MCMASTER, Columbia, South Carolina, for Appellant. Loretta C.
Argrett, Assistant Attorney General, Gary R. Allen, Annette M. Wie-

techa, J. Preston Strom, Jr., United States Attorney, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Plaintiff Tompkins & McMaster (T&M) appeals from the district court's dismissal of its complaint against the United States for lack of subject matter jurisdiction. The district court concluded that the nine-month statute of limitations, see 26 U.S.C. § 6532(c)(1), applicable to T&M's wrongful levy action, see 26 U.S.C. § 7426(a), barred T&M's suit. We affirm.

I.

T&M is a law firm in Columbia, South Carolina. It represented Cabana Limited Partnership (Cabana) in a lawsuit filed in 1990 by Cabana against Greyhound Real Estate Financing Company (GREFCO).

Cabana owed the United States back taxes. While Cabana's suit against GREFCO was pending, the Internal Revenue Service (IRS) served GREFCO with two notices of levy, one on February 13, 1992 (for $206,115.59), and the other on June 4, 1993 (for $340,008.67). The notice accompanying the first levy stated, "The enclosed levy is to attach to any proceeds Cabana Limited Partnership may be entitled too [sic] in pending litigation." A copy was sent to George McMaster, a partner at T&M. The second levy stated, "This levy attaches to any funds awarded to Cabana Limited Partnership case #3:90-644-16 Cabana Limited partnership, a S.C. Limited Partnership vs. Grey-hound Real Estate Finance Co., et al."

2

On January 25, 1994, Cabana v. GREFCO settled. As part of the settlement agreement, GREFCO paid $650,000 directly to T&M as compensation for legal services in five related cases, including Cabana v. GREFCO. The agreement prohibited any payment to Cabana whatsoever. It also required T&M to hold $450,000 in escrow pending resolution of IRS notices of levy served upon GREFCO.

On June 8, 1994, T&M requested from the IRS a Certificate of Non-attachment of Federal Tax Lien with respect to the funds it had received in the Cabana v. GREFCO settlement. The IRS denied the request.

On December 1, 1994, the IRS served GREFCO with final notices of demand for the surrender of all Cabana property within GREFCO 's possession. GREFCO then told T&M to satisfy the final demands of the IRS. T&M refused. Apparently, T&M still has the entire $650,000.

On December 6, 1994, T&M filed this lawsuit to clarify its rights with respect to the funds it received in the Cabana v. GREFCO settlement. Its amended complaint invoked the district court's jurisdiction under 26 U.S.C. § 7426(a), which waives the United States' sovereign immunity in wrongful levy suits, and under 28 U.S.C.§ 2410, which allows a party to institute a quiet title action against the United States. The United States moved to dismiss the complaint as untimely, asserting that a wrongful levy action, with its attendant nine-month statute of limitations, was T&M's exclusive remedy. The United States argued that T&M failed to file within nine months of either the 1992 or 1993 levy, depriving the district court of subject matter jurisdiction. The district court agreed and granted the United States' motion to dismiss. This appeal followed.

II.

As one method of collecting federal tax delinquencies, the IRS may "levy upon all property and rights to property" of a delinquent taxpayer. See 26 U.S.C. § 6331(a). But the levy itself does not determine whether the rights of the United States to the seized property are superior to those of other claimants. Therefore, 26 U.S.C. § 7426(a) provides,

3

> If a levy has been made on property or property has been sold pursuant to a levy, any person (other than the person against whom is assessed the tax out of which such levy arose) who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States . . . .

A levy is "wrongful" if it attaches to "property that does not belong, in whole or in part, to the taxpayer." Texas Commerce Bank-Fort Worth, N.A. v. United States, 896 F.2d 152, 156 (5th Cir. 1990). A wrongful levy action must be brought within nine months of "the date of the levy . . . ." See 26 U.S.C § 6532(c)(1). This statute of limitations is a jurisdictional limitation on the government's waiver of sovereign immunity. See United States v. Dalm, 494 U.S. 596, 608 (1990). A wrongful levy action is the exclusive remedy available to parties (other than the taxpayer) claiming an interest in property upon which the IRS has levied. United Sand & Gravel Contractors, Inc. v. United States, 624 F.2d 733, 739 (5th Cir. 1980).

In this case, the district court properly dismissed T&M's complaint for lack of subject matter jurisdiction. The United States served GREFCO with notices of levies on February 13, 1992, and June 4, 1993. The notices stated that the levies attached to any proceeds Cabana might receive in the pending litigation between Cabana and GREFCO. Anyone (other than Cabana) claiming an interest in the levied property had until March 4, 1994, to file a wrongful levy action. T&M did not file this suit until December 6, 1994. Therefore, the district court lacked subject matter jurisdiction. See id. Furthermore, T&M cannot recharacterize this suit as a quiet title action (which has a six-year statute of limitations) because a wrongful levy action is the exclusive remedy available to parties (other than the taxpayer) claiming an interest in property upon which the IRS has levied. See id.

T&M argues, however, that it was not restricted to filing a wrongful levy action pursuant to 26 U.S.C. § 7426(a) because no levy ever attached to the $650,000. T&M notes that the levies in this case purported to attach to any "proceeds" or "funds" to which Cabana might be entitled from the Cabana v. GREFCO litigation. And T&M says that Cabana received nothing from the settlement and had no right to

4

the fees T&M received from the settlement. Thus, T&M argues, the levies attached to nothing. We reject this argument.

We believe that the $650,000 paid to T&M pursuant to the settlement agreement represents the proceeds of Cabana's litigation against GREFCO. Although the money was not paid directly to Cabana, it represented attorney's fees paid directly to T&M on Cabana's behalf and for Cabana's benefit. Thus, we believe the $650,000 represents Cabana's proceeds from Cabana v. GREFCO. To view the transaction otherwise would elevate the form of the settlement agreement over its substance. See Saviano v. Commissioner of Internal Revenue, 765 F.2d 643, 654 (7th Cir. 1985) ("the courts are empowered, and in fact duty-bound, to look beyond the contrived forms of transactions to their economic substance"). Thus, we conclude that the district court correctly dismissed T&M's complaint for lack of subject matter jurisdiction.

III.

The judgment of the district court is affirmed.

AFFIRMED

5