**MATRIX DEVELOPMENT CORP. and Jim L. Mews and Mary Jo Mews, Plaintiffs,**

v.

**UNITED STATES of America, Defendant.**

No. 92–C–0083.

United States District Court, E.D. Wisconsin.

Feb. 3, 1993.

298

Debra A. Slater, Weiss, Berzowski, Brady & Donahue, Milwaukee, WI, for plaintiffs.

Jeffrey D. Snow, U.S. Dept. of Justice, Washington, DC, for defendant.

## DECISION AND ORDER

WARREN, Senior District Judge.

The plaintiffs in the above-captioned matter, Jim L. Mews and Mary Jo Mews ("Mews") and Matrix Development Corporation ("Matrix"), have asserted claims against the United States under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7433, to recover the damages they allegedly sustained when officers of the Internal Revenue Service ("IRS") filed $884,922 tax liens against their properties in an effort to collect the delinquent tax liens owed by Levi R. Mews, Jim Mews' father. Before this Court is the United States' motions for dismissal, or in the alternative, for summary judgment.

## I. BACKGROUND

This proceeding stems from Levi R. Mews' conviction for filing false tax returns for the years 1982–1988.[1] The unpaid balance on those assessments was $884,922. The named plaintiffs in this action are Jim and Mary Jo Mews, the son and daughter-in-law of Levi

---

1. Additionally, judgment has been entered against Levi R. Mews for unpaid federal income taxes for the years 1972 through 1974 in the sum of $510,587.61. (Mot. Ex. B). He has been convicted of these tax violations. (Mot. Ex. C-1 at ¶¶ 28 and 31; Mot. C-2 at ¶¶ 4 and 7).

Mews, and the Matrix Development Corporation, a corporation owned by Jim Mews.

On January 30, 1990, in an effort to satisfy Levi's tax liability, the IRS placed a "nominee" lien against the Mews' new house. The IRS believed that Levi had contributed assets to the construction of the Mews' new home.

On April 16, 1990, the Mews brought an action in state court to quiet title and to remove the lien. The United States then removed the action to this Court. In its answer and counterclaim, the United States asserted that the Mews had received two transfers from the delinquent taxpayer, Levi, which were used for the construction of the Mews' new house. The United States, in its counterclaim for summary judgment, sought to recover monies allegedly fraudulently conveyed from Levi to the Mews and to Matrix Development Corporation. However, on May 1, 1990, Levi was able to pay the IRS an amount which satisfied the assessments for the years 1982, 1983 and 1987. At that point, the IRS concluded that the lien against the Mews' house was no longer necessary and removed it on October 12, 1990.

Nevertheless, the Mews filed an amended complaint on June 13, 1991 in which they dropped their quiet title action and instead sought damages pursuant to 26 U.S.C. § 7433 arising from the liens on their home. However, the United States' amended complaint had contained a counterclaim against the Mews which remained unresolved. The counterclaim joined Jay Mews as an additional counterclaim defendant and alleged that Levi Mews had laundered money and property subject to forfeiture by investing in the Mews new house. It cited specifically to the two $10,000 checks given to the Mews, and the backhoe, which was estimated to be worth between $3,000 and $4,000. In addition, the United States mentioned that Levi had given other sums or items to the Mews, or Jay Mews.

On October 21, 1991, this Court, *sua sponte*, dismissed the Mews' damage claim without ruling on the United States' motion for summary judgment on the alleged fraudulent conveyances. This Court concluded that it lacked subject matter jurisdiction due to the plaintiffs' failure to exhaust their administrative remedies under 26 U.S.C. § 7433.

On December 9, 1991, in light of this Court's dismissal of the Mews' damage claim, the Mews and Matrix filed an administrative claim for damages with the Department of the Treasury. However, the Department of the Treasury denied the Mews' and Matrix's claim. Having exhausted their administrative remedies, on January 27, 1992, the Mews and Matrix filed this present action under 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7433 seeking to recover the damages they sustained when the IRS filed the "nominee" tax lien against their home. The Mews and Matrix contend that the United States, in filing the liens, acted recklessly and with intentional disregard of Title 26 and its internal regulations. The United States has filed a motion to dismiss, or alternatively, for summary judgment, asserting that this Court lacks subject matter jurisdiction. The United States claims that the remedies provided by 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7433 are not available to the Mews and Matrix.

## II. LEGAL FRAMEWORK

In evaluating a Rule 12(b)(6) motion to dismiss, the Court must confine itself to the facts presented in the briefs, pleadings, and memoranda. *United States General, Inc. v. Schroeder*, 400 F.Supp. 713, 715 (E.D.Wis. 1975); *see also* Fed.R.Civ.P. 12(b). The Court will not dismiss the complaint unless it is clear that no set of facts which the plaintiff could prove consistent with the pleadings would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232, 81 L.Ed.2d 59 (1984); *Murphy v. Lane*, 833 F.2d 106, 107 (7th Cir.1987). The Court accepts all well-pleaded factual allegations in the complaint as true. *Doe v. St. Joseph's Hospital of Fort Wayne*, 788 F.2d 411, 414 (7th Cir.1986). Also, the Court views the allegations in the complaint in a light most favorable to the non-moving party. *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1104 (7th Cir.1984); *Wolfolk v. Rivera*, 729 F.2d 1114, 1116 (7th Cir.1984).

## III. DISCUSSION

The Court must now determine whether it has subject matter jurisdiction under either 28 U.S.C. § 1346(a)(1) or 26 U.S.C. § 7433 to hear the plaintiffs' damages claim. Because this Court will limit its inquiry to the pleadings, the United States' motion will be treated as a motion to dismiss.

■ In an action where the United States is named as a defendant, a court will have no subject matter jurisdiction unless a specific statute can be relied upon which waives the Government's sovereign immunity. *United States v. Alabama*, 313 U.S. 274, 61 S.Ct. 1011, 85 L.Ed. 1327 (1941); *Soriano v. United States*, 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957). "Limitations and conditions upon which the government consents to be sued must be strictly observed and exceptions are not to be implied." *Soriano*, 352 U.S. at 276, 77 S.Ct. at 273. *See also United States v. King*, 395 U.S. 1, 4, 89 S.Ct. 1501, 1502, 23 L.Ed.2d 52 (1969).

Here, the plaintiffs have cited two statutes, 28 U.S.C. § 1346(a)(1) and 26 U.S.C. § 7433, which they allege confer such jurisdiction on this Court. However, the plaintiffs' reliance upon § 1346(a)(1) is misplaced. Even when, for purposes of this motion to dismiss, the plaintiffs' allegations of IRS misconduct are assumed to be true, this Court does not have subject matter jurisdiction, because the plaintiffs have failed to meet the § 1346 jurisdictional prerequisite.

■ Section 1346(a)(1) provides in relevant part: "The district court shall have original jurisdiction, concurrent with the United States Claims Court, of any civil action against the United States for the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected." This is commonly known as the "tax refund statute," and only applies to a taxpayer or one standing directly in his

stead to contest the validity of the assessed taxes against that person. Here, the plaintiffs neither stand "in the shoes" of Levi R. Mews nor have had assessments made against them which may be challenged under § 1346(a)(1). *See Phillips v. United States*, 346 F.2d 999 (2d Cir.1965); *First National Bank of Emlenton Pa. v. United States*, 265 F.2d 297 (3d Cir.1959). In fact, the plaintiffs are innocent third parties. *Progressive Bank and Trust Co. v. Moore*, 91-1 USTC ¶ 50,192 (E.D.La.1991). As a result, the plaintiffs have failed to meet the § 1346 jurisdictional prerequisite.[2] Accordingly, the United States' motion to dismiss is granted.

■ With respect to the § 7433 claim, the plaintiffs argue that they constitute "taxpayers" for purposes of the statute and therefore are entitled money damages. They have cited to legislative history and 26 U.S.C. § 7701(a)(14) indicating that for the proposition that a taxpayer is "any person subject to any internal revenue tax."[3] Finally, the plaintiffs assert that following the *Progressive Bank* decision would lead to an absurd result whereby "innocent" parties would have more limited remedies for correcting the wrong than delinquent taxpayers wronged by those same IRS activities.

The United States argues that the plaintiffs' action should be dismissed because reference to a "taxpayer" in § 7433 is limited to the offending or delinquent taxpayer and not to innocent third parties, such as the Mews and Matrix. As a result, the Government argues that sovereign immunity has not been waived for damage actions against the IRS by innocent third parties.

This Court is not persuaded by the plaintiffs' arguments that they are entitled to money damages pursuant to § 7433. In light of the strict standard under *Soriano* for waiver of sovereign immunity, this Court declines to accept the plaintiffs' invitation to

---

**2.** Assuming *arguendo* that the plaintiffs stood "in the shoes" of Levi R. Mews, they have failed to meet the other § 1346 jurisdictional prerequisite. Before filing a § 1346 action in district court, the plaintiffs must have paid the tax liability in full and then filed an administrative claim for refund. This did not occur in the present case.

**3.** Section 7701(a)(14) provides:

(a) When used in this title, or not otherwise distinctly expressed or manifestly incompatible with the intent thereof—

. . . .

(14) TAXPAYER.—The term "taxpayer" means any person subject to any internal revenue tax.

expand the situations in which the United States can be sued. The Mews and Matrix are innocent third parties, neither of whom is Levi R. Mews, the assessed taxpayer. As a result, the plaintiffs are not entitled to relief under § 7433. This Court's position is clearly supported by the unambiguous language of §§ 7426 and 7433 and the case law interpreting the two sections.

This is a case of statutory construction. "[W]here ... resolution of a question of federal law turns on a statute and the intention of Congress, we look first to the statutory language and then to the legislative history if the statutory language is unclear." *Blum v. Stenson*, 465 U.S. 886, 896, 104 S.Ct. 1541, 1548, 79 L.Ed.2d 891 (1984). If the statutory language is clear, it is unnecessary to look beyond the language of §§ 7426 and 7433 for purposes of interpretation.

In the case at bar, the language in § 7433 is unambiguous. The statute provides in relevant part:

> If, in connection with any collection of Federal tax with respect to a taxpayer, the officer or employee of the Internal Revenue Service recklessly or intentionally disregards any provision of this title, or any regulation promulgated under this title, such taxpayer may bring a civil action for damages against the United States in a district court of the United States. Except as provided, such civil action shall be the exclusive remedy for recovering damages resulting from such actions.

26 U.S.C. § 7433(a). Although the plaintiffs have cited to legislative history and § 7701(a)(14) in support of the proposition that the remedies of § 7433 extend to any person subject to internal revenue tax, the clear language of § 7433 has a more limited reading. The language "in connection with any collection," "with respect to a *taxpayer,*" and "*such taxpayer* may bring a civil action for damages" demonstrates that the scope of § 7433 is limited to those taxpayers against whom the IRS is attempting to collect. Giv-

en the strict *Soriano* standard that waivers of sovereign immunity must be "unequivocally expressed," the restrictive interpretation of § 7433 must be followed. *King*, 395 U.S. at 4, 89 S.Ct. at 1503. The plaintiffs have given neither a convincing reason nor cited express statutory language which would permit innocent third parties the right to sue for damages under § 7433. Had Congress wished to cover innocent third persons under § 7433, such as the Mews and Matrix, in addition to the assessed taxpayer, it would have so provided.

This conclusion is supported by case law interpreting § 7433. A case clearly on point is *Progressive Bank & Trust Co. v. Moore*, 91-1 USTC ¶ 50,192 (E.D.La.1991). In that case, the IRS levied three accounts in the name of Mrs. Dorothy Moore and one account in the name of Acadiana Family Therapy Center, Inc. and seized the home, vehicles and other personal and real property belonging to Mrs. Moore, in an effort to satisfy her husband's outstanding $1 million tax liability. Mrs. Moore, who never filed joint tax returns with her husband, was an innocent third party with no outstanding tax liability. The Louisiana district court concluded that the United States did not waive its sovereign immunity by §§ 7432 and 7433 for claims brought by "innocent" third parties. The court held that an innocent third party, whose property is seized to satisfy another's tax liability, is limited to only an action for wrongful levy under § 7426. The court reasoned that expansion of the § 7433 remedy to innocent third parties, hence creating a waiver of sovereign immunity, was unwarranted without specific Congressional authorization.

This Court finds the reasoning of *Progressive* persuasive and adopts it for purposes of this case. In applying *Progressive* to this case, it can be similarly concluded that the Mews and Matrix, as innocent third parties with no assessed tax liability, cannot maintain an action for damages against the United States under § 7433.[4] The exclusive rem-

---

**4.** Several courts have held that an individual taxpayer has a remedy under § 7433 for improper tax collection. *See Yizar v. Wiggins*, 91-2 USTC ¶ 50,439 (N.D.Ga.1991); *Miller v. United States*, 763 F.Supp. 1534 (N.D.Ca.1991); *United*

*States v. Toyota of Visalia, Inc.*, 772 F.Supp. 481 (E.D.Ca.1991); *Lewis v. United States*, 90-1 USTC ¶ 50,178 (S.D.Fla.1990); *Person v. United States*, 90-2 USTC ¶ 50,365 (D.Hawaii 1990); *Deacon, et al. v. United States, et al.*, 90-1 USTC

**302**

edy available to the Mews and Matrix is under § 7426.

 This Court's conclusion concerning § 7433 is reinforced by the unambiguous language of § 7426. Section § 7426(a)(1) states in pertinent part:

> If a levy has been made on property or property has been sold pursuant to a levy, *any person (other than the person against whom is assessed the tax out of which such levy arose)* who claims an interest in or lien on such property and that such property was wrongfully levied upon may bring a civil action against the United States in a district court of the United States. Such actions may be brought without regard to whether such property has been surrendered to or sold by the secretary.

26 U.S.C. § 7426(a)(1) (emphasis added). The emphasized language clearly shows that § 7426 is the exclusive remedy against the United States where someone other than the taxpayer claims an interest in property which was wrongfully levied. Because the Mews and Matrix are persons other than the assessed taxpayer, their exclusive remedy for wrongful levy is pursuant to § 7426.[5]

Overall, this Court finds that the Mews and Matrix, as innocent third parties, are not "taxpayers" within the meaning of § 7433. As a result, this Court does not have subject matter jurisdiction to decide the plaintiffs' claim. The plaintiffs' exclusive remedy is pursuant to § 7426. Accordingly, the plaintiffs' complaint must be dismissed.

¶ 50,221 (C.D.Ca.1990); and *Miklautsch, et al. v. Gibbs, et al.*, 90–2 USTC ¶ 50,587 (D.Alas.1990). While the results in these cases are well settled law, they must be distinguished from the result in this case and in *Progressive.* The cited cases dealt with § 7433 actions by individual plaintiffs with assessed tax liability, whereas the present case and *Progressive* involved § 7433 actions by innocent third party plaintiffs with no assessed tax liability.

**5.** This interpretation of § 7426 is supported by the case law. *See Raymond v. United States*, 983 F.2d 63 (6th Cir.1993); *Texas Commerce Bank Fort–Worth, N.A. v. United States*, 896 F.2d 152, 156 (5th Cir.1990) ("Section 7426(a)(1) ... affords the exclusive remedy for an INNOCENT THIRD PARTY whose property is confiscated by

### IV. CONCLUSION

Based on the foregoing reasoning, the defendant's motion to dismiss is GRANTED, and the plaintiffs' complaint is hereby DISMISSED.

SO ORDERED.

the IRS to satisfy another person's tax liability."). *See also Trust Company of Columbus v. U.S.*, 735 F.2d 447, 448 (11th Cir.1984) ("The only remedy available to a taxpayer who possesses an interest in property upon which the government has levied is a civil suit to regain the property. 26 U.S.C. 7426(a)(1)."); *Rosenblum v. United States*, 549 F.2d 1140, 1144–45 (8th Cir.), *cert. denied*, 434 U.S. 818, 98 S.Ct. 58, 54 L.Ed.2d 74 (1977); *Morris v. United States*, 652 F.Supp. 120, 122 (M.D.Fla.1986), *aff'd*, 813 F.2d 343 (11th Cir. 1987); *Haywood v. United States*, 642 F.Supp. 188, 191 (D.Kan.1986); *Expoimpe v. United States*, 609 F.Supp. 1098, 1100 (S.D.Fla.1985); *Douglas v. United States*, 562 F.Supp. 593, 594 (S.D.Ga.1983).