**Nestor SANCHEZ, Plaintiff,**

v.

**NATIONAL CLEANING COMPANY, a/k/a ISS, Defendant.**

**No. 96 Civ. 6084 (MGC).**

United States District Court, S.D. New York.

July 20, 1998.

Nestor Sanchez, Bronx, New York, pro se.

Jackson, Lewis, Schnitzler & Krupman, New York City, by Felice B. Ekelman, for Defendant.

MEMORANDUM OPINION AND ORDER

CEDARBAUM, District Judge.

The complaint in this action alleges race discrimination by plaintiff's former employer in violation of Title VII of the Civil Rights Act of 1964.   Defendant moves for summary judgment.   Defendant served its motion for summary judgment on December 12, 1997, supported by an affidavit, a Local Rule 56.1 Statement of Material Facts Not in Dispute, and a Memorandum of Law. After plaintiff failed to respond, he was reminded of the pending motion by letter dated April 20, 1998, and was given an extension to June 20, 1998 to oppose the motion.   Plaintiff has not submitted any papers; he has not requested an extension of time nor has he opposed the

motion. For the reasons set forth below, the motion is granted.

## DISCUSSION

Summary judgment is appropriate "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c). To defeat a motion for summary judgment by the party that does not bear the burden of proof, the party with the burden of proof must make a showing sufficient to establish the existence of every element essential to that party's claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986). In deciding whether a genuine issue of material fact exists, the court must "examine the evidence in the light most favorable to the party opposing the motion, and resolve ambiguities and draw reasonable inferences against the moving party." *In re Chateaugay Corp.,* 10 F.3d 944, 957 (2d Cir. 1993) (citation omitted). In addition, because plaintiff proceeds pro se, I must read his papers liberally and "interpret them to raise the strongest arguments that they suggest." *Soto v. Walker,* 44 F.3d 169, 173 (2d Cir.1995) (citation and internal quotation marks omitted); *see also Haines v. Kerner,* 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam) (pro se complaints held to less stringent standards than pleadings drafted by lawyers).

Rule 56(e) provides that if the non-movant fails to respond to a summary judgment motion by setting forth "specific facts showing that there is a genuine issue for trial," then "summary judgment, if appropriate, shall be entered against the adverse party." Local Civil Rule 56.1 provides that all material facts set forth in the movant's Statement of Material Facts "will be deemed to be admitted unless controverted by the statement required to be served by the opposing party."

The Second Circuit has instructed that summary judgment should not be entered by default against a pro se party who has not been given notice that a failure to respond will be deemed a default. *Champion v. Artuz,* 76 F.3d 483, 486 (2d Cir.1996). Here, the April 20, 1998 letter to plaintiff stated that:

> PLEASE NOTE that pursuant to Rule 56(e) of the Federal Rules of Civil Procedure, when a motion for summary judgment is made and properly supported, you may not simply rely upon your complaint. You must respond by affidavits or as otherwise provided in that rule, setting forth specific facts showing that there is a genuine issue of material fact for trial. Any factual assertions in defendant's affidavits will be accepted as being true unless you submit affidavits or other documentary evidence contradicting defendant's assertions. If you do not so respond, summary judgment, if appropriate, may be entered against you. If summary judgment is granted against you, your case will be dismissed and there will be no trial.

> NOTE ALSO that Local Civil Rule 56.1 of the United States District Courts for the Southern and Eastern Districts of New York requires you to include a separate, short and concise statement of any material facts as to which you contend there exists a genuine issue. In the absence of such a statement, all material facts set forth in defendant's Rule 56.1 statement will be deemed admitted.

Nonetheless, plaintiff has failed to oppose defendant's motion. Under these circumstances, the statements in defendant's Local Civil Rule 56.1 Statement of Material Facts are deemed admitted. *Champion,* 76 F.3d at 486–487. If those facts show that summary judgment is appropriate, summary judgment should be granted. *Id.* at 486; Fed.R.Civ.P. 56(e).

Plaintiff began working for defendant in about June of 1990. (Defendant's Rule 56.1 Stat. ¶ 1.) On December 12, 1991, according to defendant, plaintiff was terminated. (*Id.* ¶ 3.) Plaintiff alleges that he was terminated "about 4 years" before the date of the complaint, which was filed on July 18, 1996. (Compl. ¶ 6.) Defendant states that plaintiff was terminated because he had falsified his employment application. He had indicated on his application that he did not have a prior

felony conviction, but an FBI report obtained by defendant indicated that plaintiff had been convicted of a sexual abuse felony. (Defendant's Rule 56.1 Stat. ¶¶ 3–4.) Plaintiff alleges that he was terminated because of his race. (Compl.¶ 7.)

Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") on about February 17, 1996. (Compl.¶ 10.) He received a "right to sue" letter from the EEOC on April 17, 1996. (*Id.* ¶ 12.) He commenced this action on July 18, 1996 by filing a complaint with the Pro Se Clerk's office.

■ Defendant contends that plaintiff's claim must be dismissed as untimely because this action was not commenced within 90 days after the EEOC issued a right-to-sue letter. A plaintiff must file a charge of discrimination with the EEOC before commencing a private action under Title VII, and must commence his private action within 90 days after receipt of a right-to-sue letter from the EEOC. 42 U.S.C. § 2000e–5(e)(1) and (f)(1); *Baldwin County Welcome Center v. Brown,* 466 U.S. 147, 149–50, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984).

According to the complaint, plaintiff received the EEOC's right-to-sue letter on April 17, 1996. He commenced this action by filing a complaint with the Pro Se Clerk's office on July 18, 1996, 92 days after April 17. Accordingly, plaintiff's claim is untimely and must be dismissed.

### CONCLUSION

For the foregoing reasons, defendant's motion for summary judgment is granted.

SO ORDERED.