John LUDTKE

v.

**UNITED STATES of America,
Internal Revenue Service.**

No. 3:98 CV 180(SRU).

United States District Court,
D. Connecticut.

Dec. 20, 1999.

John Ludtke, Milford, CT, for plaintiff, counterclaim defendant pro se.

William A. Collier, U.S. Attorney's Office, Hartford, CT, John V. Cardone, William M. Kostak, U.S. Department of Justice, Tax Division, Washington, DC, for IRS, Commissioner, defendant, counterclaim plaintiff.

## RULING ON PLAINTIFF'S MOTION FOR RECONSIDERATION

UNDERHILL, District Judge.

This is a civil action against the United States challenging a tax assessment by the Internal Revenue Service ("IRS") pursuant to 26 U.S.C. § 6672 and seeking a refund of money that the IRS applied in partial satisfaction thereof. The plaintiff also seeks damages pursuant to 26 U.S.C. § 7433 for alleged wrongful collection activity by the IRS. Currently pending is the plaintiff's Motion for Reconsideration of the Court's July 20, 1999 Order granting the United States' Motion to Dismiss the plaintiff's Section 7433 claim. For the reasons stated herein, the plaintiff's "Motion for Reconsideration of Dismissal of Plaintiff's Third Claim" [Doc # 36] is hereby DENIED.

## BACKGROUND

On January 30, 1998 the pro se plaintiff, John Ludtke ("Ludtke"), commenced a civil action against the United States to challenge a tax assessment the IRS levied against him, and to obtain a refund of money that the IRS applied in partial satisfaction thereof. This assessment was made as a 100% penalty, pursuant to the provisions of Section 6672 of the Internal Revenue Code, after the IRS determined that the plaintiff was a responsible person who willfully failed to collect, truthfully account for and remit, on behalf of Harbour Landing Development Corporation ("Harbour Landing"), certain unpaid withholding taxes due and owing from Harbour Landing.

Ludtke's initial Complaint sought a determination that he was not a responsible person with regard to Harbour Landing's unpaid taxes, or, alternatively, a redetermination of the amount assessed. The United States asserted a counterclaim, pursuant to Section 7401 of the Code, for a judgment against the plaintiff in the amount of the assessed balance due.

On June 18, 1998, Ludtke filed an Amended Complaint that, among other things, added a third claim for relief seeking damages pursuant to 26 U.S.C. § 7433 for alleged wrongful collection activity by the IRS. On March 15, 1999, the United States filed a Motion to Dismiss the Plaintiff's Third Claim for Relief on the grounds that: (1) Section 7433 provides a remedy for collection-related acts, not assessment-related conduct; and (2) the statute of limitations had run for the plaintiff's claim under section 7433.

On July 20, 1999, the Court issued an endorsement granting the United States' motion and ordering that the plaintiff's Section 7433 claim be dismissed. In that ruling the Court stated:

> The plaintiff can only sue the defendant pursuant to 26 U.S.C. § 7433, as this provision constitutes a statutory waiver of sovereign immunity. However, as the

government points out at pages 7–10 of its Memorandum of Law in Support of Motion to Dismiss Plaintiff's Third Claim for Relief in His Amended Complaint, *see* doc. # 25, Section 7433 only provides a remedy for collection-related acts, not acts constituting assessment of taxes. The IRS' application of the plaintiff's overpayment of $1,515 from his 1994 federal income taxes to the plaintiff's trust fund recovery penalty assessment constituted a collection activity. However, for the reasons set forth by the government at page 10 of its memorandum, the plaintiff has not alleged in his complaint actions by the defendant that would amount to collection activity that was "reckless" or in "intentional disregard" of the Internal Revenue Code or its regulations.

The balance of the IRS' activities that are the basis for the plaintiff's third claim for relief constitute assessment activity, not collection activity, notwithstanding the plaintiff's characterization of it as collection activity. Therefore these activities do not constitute proper grounds for suit under Section 7433.

*See* Endorsement Order dated July 20, 1999 at 1–2 [Doc. # 35] (footnote omitted).

On August 2, 1999, Ludtke filed a Motion for Reconsideration of the Court's July 20, 1999 ruling pursuant to Rule 9(e) of the Local Rules of Civil Procedure for the United States District Court for the District of Connecticut. In that motion, the plaintiff states that the Court

> apparently overlooked collection-related activities of the Defendant that were not related in any way to the assessment of the Trust Fund Recovery Penalty Assessment against the Plaintiff. This is likely due to the Plaintiff's failure to fully explain in his memorandum the relationship of those activities to the assessment. The Plaintiff mistakenly assumed that the mere allegation of reckless and intentional disregard of the Internal Revenue Code and its regulations was sufficient. . . .

*See* Memorandum in Support of Plaintiff's Motion for Reconsideration of Dismissal of Plaintiff's Third Claim at 3–4 ("Pl.'s Memo in Support"). The plaintiff further states that he

> agrees with the Court's determination that the IRS' application of Ludtke's overpayment is not in reckless or in intentional disregard of the IRC or its regulations since an assessment had been placed against Ludtke.

*See* Pl.'s Memo in Support at 4. The plaintiff, however,

> disagrees with the Court's determination that "[t]he balance of the IRS' activities that are the basis for the plaintiff's third claim for relief constitute assessment activity, notwithstanding the plaintiff's characterization of it as collection activity" and respectfully requests the Court's reconsideration of those activities.

*Id.*

## DISCUSSION

### Standard of Review

When deciding a motion to dismiss for failure to state a claim on which relief can be granted, the court "must accept the material facts alleged in the complaint as true." *Staron v. McDonald's Corp.*, 51 F.3d 353, 355 (2d Cir.1995); *Skeete v. IVF America, Inc.*, 972 F.Supp. 206 (S.D.N.Y. 1997). The court "must not dismiss the action 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of [the plaintiff's] claim which would entitle [the plaintiff] to relief.'" *Cohen v. Koenig*, 25 F.3d 1168, 1172 (2d Cir.1994). Where a pro se litigant is involved, the same standards for dismissal apply, however, a "court should give the pro se litigant special latitude in responding to a motion to dismiss." *See Adams v. Chief of Security Operations*, 966 F.Supp. 210, 211–12 (S.D.N.Y.1997); *see also Haines v. Kerner*, 404 U.S. 519, 520, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972) (per curiam) (pro se complaints held to less stringent standards than pleadings drafted by

lawyers); *Soto v. Walker*, 44 F.3d 169, 173 (2d Cir.1995) (when a plaintiff proceeds pro se, the court must read papers liberally and "interpret them to raise the strongest arguments they suggest"); *Sanchez v. National Cleaning Co.*, 11 F.Supp.2d 453, 454 (S.D.N.Y.1998) (same).[1] While bearing these principles in mind with respect to the underlying motion to dismiss, the instant motion comes before the Court on a motion to reconsider pursuant to Local Rule 9(e).

The plaintiff's Motion for Reconsideration is predicated on the grounds that the plaintiff "disagrees with the Court's determination that '[t]he balance of the IRS' activities that are the basis for the plaintiff's third claim for relief constitute assessment activity, notwithstanding the plaintiff's characterization of it as collection activity,' " *see* Pl.'s Memo in Support at 4, and that the Court "apparently overlooked collection-related activities of the Defendant that were not related in any way to the assessment of the Trust Fund Recovery Penalty Assessment against the Plaintiff." *See id.* at 3–4. Accordingly, the plaintiff, consistent with Local Rule 9(e), has set forth the matters that he believes the Court overlooked in the initial decision or order and the Court hereby considers those matters pursuant to the standards applicable to Motions to Reconsider under that Rule. *See City of Hartford v. Chase*, 942 F.2d 130, 133 (2d Cir. 1991), *citing* C. Wright, A. Miller, E. Cooper & E. Gressman, 16 *Federal Practice and Procedure* § 3950, at 364 n. 7 (1977); *see also Gold v. Dalkon Shield Claimants Trust*, No. 5–82–CV–383 (ERB), 1998 WL 422900 at *2 (D.Conn.1998).

### The Standard as Applied

In support of his argument that the Court overlooked certain IRS collection-related activities alleged in his Amended Complaint that were not related to the assessment, Ludtke sets forth the following examples of what he believes to be "clearly collection-related or at least disputed as to whether they are assessment or collection related," with reference to the paragraphs of the Amended Complaint on which the examples depend:[2]

*Example 1.* "[R]egarding the Waterview Condominium the Waterfront Lots and the Water-view lots, the Defendant served notice of levy and exercised the rights of an owner to control the properties. The Defendant entered into agreements regarding the properties, rented the properties or caused them to be rented, and ultimately caused the properties to be sold. To the Plaintiff's detriment and expense, the Defendant's actions denied the corporation and 'responsible parties' any further benefit from the properties' value." *See* Pl.'s Motion for Reconsideration at 9, referencing Pl.'s Am. Compl. ¶¶ 7–12, 28.

*Example 2.* "After taking control of the Water-view Condominium, the Defendant failed to manage it properly and failed to utilize its value and satisfaction of the corporation's tax liability, and therefore the Plaintiff's Civil Penalty. The Defendant failed to collect some amount between $70,000 and $95,000 from the use or rental of the Water-view Condominium, thereby denying the Plaintiff credit against his Civil Penalty, to the Plaintiff's detriment and ex-

1. This Court has read all of the plaintiff's pro se papers liberally even though they display a remarkable level of sophistication. *See Henderson v. Doe*, No. 98 Civ. 5011, 1999 WL 378333 at * 1, n. 1 (S.D.N.Y.1999). *But see e.g., Holsey v. Bass*, 519 F.Supp. 395, 407, n. 27 (D.Md.1981) ("This Court is of the opinion that it is proper to apply a sliding scale of liberality in construing a pro se complaint."); *see also Raitport v. Chemical Bank*, 74 F.R.D. 128, 133 (S.D.N.Y.1977) ("This is not a case involving an uneducated, naive plaintiff who may have inartistically stated a valid cause of action.... He is an intelligent, able and sophisticated litigant...."); *Brown v. Califano*, 75 F.R.D. 497, 499 (D.D.C.1977).

2. For ease of reference, the Court adopts the same labels used in the defendant's Memorandum in Response to Plaintiff's Motion for Reconsideration of Dismissal of Plaintiff's Third Claim at 4–7.

pense." *See* Pl.'s Motion for Reconsideration at 13, referencing Pl.'s Am. Compl. ¶¶ 8–9, 29.

***Example 3.*** "Although the defendant held a lien superior to any other potential creditors, the Defendant failed to act in a timely manner in liquidating the Water-view Condominium, the Waterfront Lots and the Water-view Lots. By waiting some duration over five years, the Defendant unnaturally increased the interest and penalties accruing on the corporation's tax liability ... The Defendant's actions, or inaction, diminished the net value of the seized properties, denying the Plaintiff due credit against his Civil Penalty, to his detriment and expense." *See* Pl.'s Motion for Reconsideration at 15–16, referencing Pl.'s Am. Compl. ¶ 32.

***Example 4.*** "The Water-view Condominium was valued at some amount well in excess of $99,000. The income stream from the Water-view Condominium was valued at some amount in excess of $70,000, determined by rental rate, less legitimate expenses, less some discount rate. The combined value of the Waterfront Lots and the Water-view Lots was some amount in excess of $30,000. The resulting situation is that the sale of seized properties and their income streams valued between $200,000 and $300,000 did not satisfy an initial tax liability of $45,617. In its exercise of dominion and control of the properties, the Defendant's mismanagement of those properties denied the Plaintiff due credit against his Civil Penalty, to his detriment and expense." *See* Pl.'s Motion for Reconsideration at 17, referencing Pl.'s Am. Compl ¶ 33.

***Example 5.*** "Despite the Plaintiff's request, the Defendant has refused to provide the Plaintiff with an accounting for the income from the rental of the Water-view Condominium. The Defendant's refusal to account for the substantial income stream leaves the Plaintiff no choice but to turn to the Court for assistance in obtaining this information. The Defendant's refusal denies the Plaintiff the opportunity to claim a credit against his Civil Penalty, to the Plaintiff's detriment and expense." *See* Pl.'s Motion for Reconsideration at 19, referencing Pl.'s Am. Compl. ¶ 30.

***Example 6.*** "Despite the Plaintiff's request, the Defendant has refused to provide the Plaintiff with an accounting for the proceeds from the sale of the Water-view Condominium, Waterfront Lots and Water-view Lots. The Defendant's refusal to account for these proceeds leaves the Plaintiff no choice but to turn to the Court for assistance in obtaining this information. The Defendant's refusal denies the Plaintiff the opportunity to claim a credit against his Civil Penalty, to the Plaintiff's detriment and expense." *See* Pl.'s Motion for Reconsideration at 19–20, referencing Pl.'s Am. Compl. ¶ 31.

***Example 7.*** "As partial satisfaction of the Civil Penalty Tax Lien, the Defendant wrongfully collected $1,515 from the Plaintiff and applied it toward the erroneous Civil Penalty. The Defendant denied the Plaintiff's request for refund of the wrongfully collected Penalty, again misusing the Defendant's administrative review authority, to the Plaintiff's detriment and expense." *See* Pl.'s Motion for Reconsideration at 20–21, referencing Pl.'s Am. Compl. ¶ 25.

***Example 8.*** "In determining the Plaintiff to be a 'responsible person' with regard to those unpaid taxes, the Defendant failed in its obligation to investigate properly who was responsible for the unpaid taxes. The Plaintiff did not have the responsibility to collect the taxes; did not have the ability to pay those taxes; and did not willfully avoid reporting or paying the taxes. In fact, the Plaintiff had neither the effective power to pay taxes, nor substantial input into any decisions of the corporation. In failing to properly investigate, the Defendant overreached its authority to the

Plaintiff's detriment and expense." *See* Pl.'s Motion for Reconsideration at 21–22, referencing Pl.'s Am. Compl. ¶ 22.

***Example 9.*** "In imposing the Civil Penalty without properly investigating the Plaintiff's potential liability, the Defendant overreached its authority to the Plaintiff's detriment and expense." *See* Pl.'s Motion for Reconsideration at 23, referencing Pl.'s Am. Compl. ¶ 23.

***Example 10.*** "At the Hearing noted above, the Defendant received evidence showing that the Plaintiff had neither the responsibility nor the authority to pay the corporation's delinquent taxes. The Defendant ignored that evidence, misusing the Defendant's administrative review authority, and ultimately placed a Federal Tax Lien on the Plaintiff, to his detriment and expense." *See* Pl.'s Motion for Reconsideration at 24, referencing Pl.'s Am. Compl. ¶ 24.

The plaintiff concludes by citing Paragraph 35 of his Amended Complaint, which states:

> Regarding the Defendant's actions alleged in paragraphs 1 – 33, the Defendant, through its employees and / or officers, recklessly and / or intentionally disregarded provisions of Title 26 of the U.S.Code and regulations authorized by it, engaging in unauthorized collection actions to the Plaintiff's detriment and expense.

*See* Pl.'s Motion for Reconsideration at 25, referencing Pl.'s Am. Compl. ¶ 35.

With respect to *Example 1* through *Example 4*, the government argues that the alleged improprieties are not collection activities for which the Plaintiff has standing to sue under Section 7433. The plaintiff, in essence, argues that the allegedly wrongful collection activities directed at Harbour Landing do indeed affect him, albeit indirectly, through the ultimate penalty assessed against him as a responsible person:

> [m]any of the alleged wrongful actions relate to IRS activities surrounding the collection of taxes, although not directly from Ludtke. The improper collection activities are related to the IRS collection of taxes from the Corporation, which was Ludtke's employer. Ludtke becomes involved only because IRS improprieties impact him after the fact.

*See* Pl.'s Motion for Reconsideration at 5. Indeed, with specific reference to *Example 1* through *Example 4*, Ludtke states:

> [t]he Plaintiff knows these alleged activities to be collection-related activities that are in no way connected to the assessment against Ludtke. This collection activity was directed against the Corporation but impacts the Plaintiff.

*See* Pl.'s Motion for Reconsideration at 12, 14, 16 and 18.

█ The Court agrees with the plaintiff that he has alleged collection activity that harmed him personally. Because that activity was directed at the corporation's assets, however, and because the plaintiff has not alleged that the IRS intentionally or recklessly violated the Code or its regulations, it does not fall within the scope of Section 7433. Perhaps the statutory scheme *ought* to allow a plaintiff to challenge allegedly wrongful collection activities directed at a corporation once a plaintiff is determined to be responsible for the corporation's taxes. Otherwise, the IRS could conceivably engage in entirely wrongful collection efforts against the corporation, and do so with impunity vis-a-vis a responsible person, so long as the corporation itself never challenges the IRS' collection efforts. That, in essence, is what the plaintiff alleges happened here. However reasonable the plaintiff's argument may seem as a matter of policy, only Congress can change the statute that established existing policy. The Court is constrained by the plain language of the statute, the precedent interpreting it and the narrow exceptions to sovereign immunity to deny plaintiff's motion for reconsideration.

Indeed, the Court has labored to find any authority to support the plaintiff's ar-

gument, and *all* of the courts that have addressed the issue, including the Ninth Circuit Court of Appeals, have held that Section 7433 confers jurisdiction only to the taxpayer at whom collection efforts were directed. *See, e.g., Allied/Royal Parking L.P. v. United States,* 166 F.3d 1000, 1003 (9th Cir.1999) (" § 7433(a) requires that [the plaintiff] be 'such taxpayer' from whom the IRS collected the tax ...; that is, the direct taxpayer, not a third party."); *Ferrel v. Brown,* 847 F.Supp. 1524, 1528 (W.D.Wash.1993) ("waiver of sovereign immunity under § 7433 is limited to claims by the direct taxpayer"), *aff'd,* 40 F.3d 1049 (9th Cir. 1994) (per curiam) (adopting district court opinion); *Refvem v. Mirch,* No. C 98–3550 S1, 1999 WL 183621 at *4 (N.D.Cal.1999) ("Section 7433 requires that the plaintiff be the direct taxpayer, from whom the IRS collected the tax, and not a third party. Because [the plaintiff] is not the direct taxpayer, his § 7433 claim against the United States does not fall within the narrow waiver of sovereign immunity granted by § 7433."); *Graphics of Key West, Inc. v. United States,* No. CV–N– 93–718–ECR, 1996 WL 167861 at *2 (D.Nev.1996) ("The § 7433 claim as originally stated did contain one serious error; it was brought by Nettleton himself, rather than by Graphics, which is the 'taxpayer' against whom the collection effort was directed, and thus the only proper plaintiff under § 7433."); *Wittmann v. United States,* 869 F.Supp. 726, 731 (E.D.Mo. 1994) ("The plain language of § 7433 confers standing only on a taxpayer to sue for damages incurred in connection with the collection of his own taxes."); *Wilkerson v. United States,* 839 F.Supp. 440, 442–43 (E.D.Texas 1993) ("the section must apply only to actions by the specific taxpayer against whom the IRS's collection efforts were directed. The section states that when the IRS engages in wrongful collection activity 'in connection with any collection of Federal tax with respect to a taxpayer ... *such taxpayer,*' may sue, referring to the taxpayer against

whom the collection efforts were directed.") (emphasis added); *Progressive Bank and Trust Co. v. Moore,* Civ.A. No. 90– 1918, 1991 WL 55790 at *2 (E.D.La.1991) ("Reading the statutes in context, the Court must conclude that their scope is limited to only those taxpayers against whom the I.R.S. is attempting to collect."); *Matrix Development Corp. v. United States,* 815 F.Supp. 297, 301 (E.D.Wisc.1993) ("the scope of § 7433 is limited to those taxpayers against whom the IRS is attempting to collect."); *Management Services, Inc. v. United States,* 792 F.Supp. 87, 92 (D.Or.1992) ("the alleged inaction by the IRS in this instance was solely in connection with the determination of a tax against Crowd Management, and not in connection with the collection of any tax against DeLoretto."); *see also Colon v. Maddalone,* No. 95 Civ. 0008(JGK), 1996 WL 556924 at *3 ("Any alleged losses or injuries caused by the [IRS'] conduct were suffered by M & M Engravers. M & M Engravers, and not the plaintiff, had the right to bring any legal action for harm to the corporation.... The plaintiff therefore lacks standing to maintain this action even though he may have suffered derivative losses from any harms sustained by M & M Engravers.").

These cases are no doubt correct under the current wording of the statute. As stated by the Ninth Circuit:

First, the plaintiffs' proposed reading of § 7433 would imply a very broad exception to the government's sovereign immunity, in contravention of the principles underlying sovereign immunity. *See Soriano,* 352 U.S. at 276, 77 S.Ct. 269, 1 L.Ed.2d 306. Second, denying [the plaintiffs] standing to sue does not conflict with legislative intent. Where Congress intends to provide a cause of action for a broad class of plaintiffs, it has used unambiguous language to do so. For example, if a person's property has been wrongfully levied upon to satisfy the tax obligation of another person,

the wrongful levy statute provides a cause of action to "*any person* (other than the person against whom is assessed the tax out of which such levy arose)" to recover his or her property. 26 U.S.C. § 7426(a)(1) (emphasis added). This supports the government's position "that Congress intended to create a more restricted class of potential plaintiffs when it used the word 'taxpayer' in § 7433." *Wilkerson v. United States,* 839 F.Supp. 440, 442–43 (E.D.Tex.1993); *see also Ferrel,* `847 F.Supp. at 1528; *Matrix Dev. Corp. v. United States,* 815 F.Supp. 297 (E.D.Wis.1993); *Progressive Bank & Trust Co. v. Moore,* 91–1 U.S. Tax Cas. (CCH) 50,192 (E.D.La. 1991). Without a valid waiver of sovereign immunity, the claims brought by [the plaintiffs] in their individual capacities were properly dismissed by the district court. *See Gilbert v. DaGrossa,* 756 F.2d 1455, 1458 (9th Cir.1985).

*Allied/Royal Parking,* 166 F.3d at 1003. Given the plain language of the statute, the weight of authority and the strict standard for waiver of sovereign immunity, *see, e.g., Soriano v. United States,* 352 U.S. 270, 77 S.Ct. 269, 1 L.Ed.2d 306 (1957), this Court must also decline to expand the situations in which the United States can be sued under Section 7433. Accordingly, the plaintiff has no standing to challenge any of the IRS' collection efforts directed against Harbour Landing.

█ The conduct alleged in *Example 5* and *Example 6* are not collection-related actions. The defendant's refusal to provide the Plaintiff with an accounting for the income from the rental of the Waterview Condominium and for the proceeds from the sale of the Water-view Condominium, Waterfront Lots and Water-view Lots, relate solely to issues of the determination of the plaintiff's tax liability, not any efforts to collect it. It is well settled that Section 7433 does not create a cause of action for reckless or intentional conduct by an IRS employee in the determination of a federal tax, but only for reckless or intentional conduct by an IRS employee in the collection of a federal tax. *Shaw v. United States,* 20 F.3d 182 (5th Cir.), *cert. denied,* 513 U.S. 1041, 115 S.Ct. 635, 130 L.Ed.2d 540 (1994); (Section 7433 only provides a remedy for improper collection activity and not for improper assessment activity); *Miller v. United States,* 66 F.3d 220, 222–23 (9th Cir.1995); *Gonsalves v. IRS,* 975 F.2d 13 (1st Cir.1992). In short, *Example 5* and *Example 6* are simply not collection activities as required by Section 7433.

█ As noted by the Court in its July 20, 1999 Order, the conduct alleged in *Example 7* —the IRS' application of the plaintiff's overpayment of $1,515 from his 1994 federal income taxes to the plaintiff's trust fund recovery penalty—may properly be viewed as a collection activity against the plaintiff. The Court correctly noted, however, that the plaintiff has not alleged in his complaint actions by the defendant that would amount to collection activity that was "reckless" or in "intentional disregard" of the Internal Revenue Code or its regulations. Indeed, it is unlikely that the plaintiff *could* make such a claim on the allegations set forth in *Example 7, see, e.g., White v. Commissioner of Internal Revenue,* 899 F.Supp. 767 (D.Mass.1995):

Plaintiff claims that the IRS seized a refund check in 1992. However, such a seizure is not "recklessly or intentionally" disregarding the Code or implementing regulations. Taking the facts Plaintiff asserts as true, the IRS was simply following the Code in applying a claimed overpayment for a subsequent taxable year to the Plaintiff's then outstanding liability for 1987. In accord with Section 6402(a) of the Internal Revenue Code, the IRS may credit a claimed overpayment to any liability for which the applicable statute of limitations is still open. 26 U.S.C. § 6402(a). The alleged seizure was thus not a reckless or intentional disregard of the Code and its regulations, but in observance of them.

*Id.* at 773 (dismissing Section 7433 claim). In any event, the plaintiff has expressly conceded that this conduct was not reckless or in intentional disregard of the Internal Revenue Code or its regulations:

> [t]he Plaintiff agrees with the Court's determination that the IRS' application of Ludtke's overpayment is not in reckless or in intentional disregard of the IRC or its regulations since an assessment had been placed against Ludtke.

*See* Pl.'s Memo in Support at 4. Accordingly, the claims set forth in *Example 7* are insufficient to state a claim under Section 7433.

■ The conduct alleged in *Example 8* through *Example 10* deals solely with the IRS's determination whether Ludtke was a "responsible person" of Harbour Landing liable for the trust fund recovery penalty. The determination of whether a taxpayer is a "responsible person" a trust fund recovery penalty, however, is an assessment action, and not a collection action. *See Arnett v. United States,* 889 F.Supp. 1424, 1430 (D.Kan.1995). Accordingly, the conduct alleged in *Example 8* through *Example 10* is also not cognizable under Section 7433.

■ Moreover, notwithstanding the conclusory statement in paragraph 35 of the plaintiff's Amended Complaint, the plaintiff fails to allege precisely *how* the IRS recklessly or intentionally disregarded provisions of the Internal Revenue Code or the regulations promulgated thereunder. Indeed, the Amended Complaint fails to refer to any specific statute or regulation at all. Several courts have held this to be insufficient and have granted a Motion to Dismiss under analogous circumstances. *See, e.g., Pingree v. United States,* No. 3:98–CV–2886–D, 1999 WL 714759 at *1 (N.D.Tex.1999) (granting defendant's motion to dismiss on the grounds that the plaintiffs failed to plead an exception to sovereign immunity because they did not allege a specific regulation or procedure that they contend was violated); *Kachougian v. United States of America,* No. C.A. 96–508T, 1998 WL 233750 at *2 (D.R.I.1998) ("The [plaintiffs] have failed to allege a specific provision or regulation which they believe the IRS disregarded."); *White v. Commissioner of Internal Revenue,* 899 F.Supp. 767, 772 (D.Mass.1995) ("Plaintiff has failed to specifically allege that employees of the IRS 'recklessly and intentionally' disregarded any provision of the Code or the regulations during the 'collection' of a federal tax."); *Case v. Internal Revenue Service Employees,* No. CV–F–96–5616 REC, 1996 WL 756514 at *2, n. 1 (E.D.Cal.1996) ("Defendants further move to dismiss this claim on the ground that the Complaint does not allege which provision of Title 26 or which regulation promulgated under Title 26 defendants violated in connection with the collection of the federal income tax. The court agrees. The Complaint does not allege that the filing of the Notice of Federal Tax Lien in order to collect the deficiency for the taxable years at issue was done in violation of any particular statute or regulation. Therefore, to this extent as well plaintiff has failed to state a claim upon which relief can be granted pursuant to Section 7433.").[3]

---

3. The plaintiff, in apparent recognition of this problem, tries to cure it in his Motion for Reconsideration. *See, e.g.,* Pl.'s Motion for Reconsideration at 23 ("The IRS, as part of its collection activities, is required by regulation (see endnote i) to investigate fully and identify entities responsible for the taxes before assessing a civil penalty"). "Endnote i," however, reads: "Until the Plaintiff's discovery requests regarding the appropriate collection *manuals* are fulfilled, the Plaintiff is unable to identify to the Court the precise regulations." (emphasis added). Even as-

suming that the IRS failed to follow procedures contained in the Internal Revenue Manual, it cannot be the basis for a claim under Section 7433. *See, e.g., Gonsalves v. IRS,* 975 F.2d 13, 16 (1st Cir.1992) (§ 7433 does not permit taxpayers to sue the government for violations of internal IRS policies like those in the Internal Revenue Manual); *see also Kachougian v. United States,* No. C.A. 96–508T, 1998 WL 233750 at *2 (D.R.I. 1998) (failure to follow guidelines in IRS manuals does not constitute a violation of a

The plaintiff's failure to allege specific Code provisions or regulations that were recklessly or intentionally disregarded by the IRS is not only fatal to the arguments set forth in the plaintiff's Motion for Reconsideration, but also to his "prime example" of collection-related action—namely, the IRS's placing a lien against him. *See* Pl.'s Reply to United States Response to Motion for Reconsideration of Dismissal of Plaintiff's Third Claim at 6. The plaintiff argues that the listing of the lien procedure under Chapter 64 of the Internal Revenue Code entitled "Collection," as opposed to Chapter 63 of the Code entitled "Assessment," illustrates that the placing of a lien against him is a collection activity. The Court agrees. *See, e.g., Miller v. United States*, 66 F.3d 220, 222 (9th Cir. 1995) ("Because the statutory requirements of 'notice and demand' are under § 6303, chapter 64, Collection, 'notice and demand' is a collection procedure."); *see also Morse v. Commissioner of Internal Revenue Service*, No. CV–94–0619, 1996 WL 90533 at *4 (E.D.N.Y.1996) (same). While the lien placed against the plaintiff would indeed be a collection action, as noted above, nowhere in the Amended Complaint does the plaintiff specifically allege what provision of the Code or the regulations have been intentionally or recklessly violated. *See, e.g., Case*, 1996 WL 756514 at *2, n. 1 ("The Complaint does not allege that the filing of the Notice of Federal Tax Lien in order to collect the deficiency for the taxable years at issue was done in violation of any particular statute or regulation. Therefore, to this extent as well plaintiff has failed to state a claim upon which relief can be granted pursuant to Section 7433.").

Finally, the Court notes that Section 7433 also provides that "an action to enforce liability created under this section may be brought without regard to the amount in controversy and may be brought only within 2 years after the date the right of action accrues." 26 U.S.C. § 7433(d)(3). As currently alleged, the Amended Complaint does not appear to specifically set forth any allegedly wrongful collection actions directed at the plaintiff within the two years prior to the January 30, 1998 filing of the plaintiff's initial Complaint. Accordingly, as currently pled, the plaintiff's claim for relief under Section 7433 must be dismissed on this ground as well.

The plaintiff has already had one opportunity to amend his complaint and has now briefed the viability of a Section 7433 claim in this action twice. Accordingly, it is unlikely that the plaintiff can state a viable claim for relief under Section 7433 because, as the Court has held, the gravamen of plaintiff's complaint is whether the *determination* of tax was wrongful. Having said that, it is not inconceivable that the plaintiff could allege sufficient improper collection activities to bring him within Section 7433. To do so, however, the plaintiff would need to allege collection activities by the IRS, during the two years prior to the filing of this action, that were directed against him personally. Moreover, the plaintiff would need to identify a specific provision of the Internal Revenue Code or the regulations promulgated thereunder that he contends was recklessly or intentionally disregarded. Should the plaintiff be able to do so, he should file any Amended Complaint within thirty (30) days of the date of this opinion.[4]

provision or regulation of the Tax Code and is not actionable under § 7433). In any event, a complaint cannot be cured by a memorandum of law in opposition to a motion to dismiss. *See Natale v. Town of Darien*, No. Civ. 3:97cv583 (AHN), 1998 WL 91073 at *4, n. 2 (D.Conn.1998) (plaintiff may not amend complaint in a memorandum of law), *citing Daury v. Smith*, 842 F.2d 9,

15–16 (1st Cir.1988); *see also Hartford Fire Ins. Co. v. Federated Dep't Stores, Inc.*, 723 F.Supp. 976, 987 (S.D.N.Y.1989) (same). Accordingly, this statement is insufficient to withstand the defendant's Motion to Dismiss or the standard on a Motion for Reconsideration.

4. The Court reminds the plaintiff that it has disposed of all of the examples set forth in his

## CONCLUSION

In short, the Court does not find any portion of the Court's July 20, 1999 Endorsement Order to be an abuse of discretion, clearly erroneous or contrary to law. The gravamen of the Amended Complaint is the plaintiff's allegation that the assessment made against him was either erroneous or in the incorrect amount. Thus, the underlying issue is whether the *determination* of the tax for the period at issue was wrongful. That being the case, the plaintiff has not stated a claim upon which relief can be granted under Section 7433 and the plaintiff's only recourse in this suit is to challenge the tax assessment itself and the determination that he is a responsible person who willfully failed to collect, truthfully account for and remit, on behalf of Harbour Landing, the unpaid withholding taxes. In so concluding, however, the Court hereby grants the plaintiff leave to amend pursuant to the strict and narrow principles outlined above. In the unlikely event that the plaintiff can satisfy those parameters, he should file an amended complaint within thirty (30) days from the date of this ruling.

For the reasons set forth herein, the plaintiff's Motion for Reconsideration [Doc # 36] is hereby DENIED.

It is so ordered.

Motion to Reconsider as insufficient. However, were the plaintiff able to allege some other collection-related action such as the IRS's improperly placing a lien against him directly, undertaken during the two years prior to filing and intentionally or recklessly in violation of some specific provision of the Internal Revenue Code or the regulations promulgated thereunder that the plaintiff can identify, the plaintiff still may be able to state a claim sufficient to withstand a motion to dismiss. For the reasons set forth herein, however, this appears unlikely.