**Terry BJERKE; Federal Contractors Inc.; LJC Corporation, Plaintiffs—Appellants,**

v.

**Julie FREEMYER; Ron Smith; United States of America, Defendants—Appellees.**

No. 00–16811.

D.C. No. CV–98–00552–HDM.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 5, 2001.\*

Decided Dec. 26, 2001.

Fed. R.App. P. 34(a)(2).

Before BRUNETTI, KLEINFELD and THOMAS, Circuit Judges.

## MEMORANDUM **

Plaintiffs–Appellants Terry Bjerke, Federal Contractors Inc., and L.J.C. Corporation appeal the district court's grant of summary judgment in favor of the United States in plaintiffs' action under Internal Revenue Code 26 U.S.C. §§ 7433 and 7432. We affirm. Because the parties are familiar with the factual and procedural history of this case, we will not recount it here.

Appellants argue that the district court erred in: (1) holding that it lacked subject matter jurisdiction over plaintiffs' § 7433 claims, including alleged violations of the bankruptcy court's orders; (2) finding that Bjerke had failed to address the statute of limitations argument regarding § 7432; (3) holding that Federal Contractors and L.J.C. Corporation failed to oppose the government's motion arguing that both entities could not maintain an action for damages under § 7433; and (4) failing to consider the destruction of certain evidence.

### I

Section 7433 is limited to actions taken in connection with the collection of taxes. A taxpayer cannot seek damages under § 7433 for improper assessment of taxes. *Miller v. United States,* 66 F.3d 220, 223 (9th Cir.1995); *Shaw v. United States,* 20 F.3d 182, 184 (5th Cir.1994). Bjerke argues that the liens issued against him are invalid because the IRS failed to send a statutory notice of deficiency to Bjerke's correct address. A claim that the

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as may be provided by Ninth Circuit Rule 36–3.

IRS failed properly to notice deficiencies addresses the merits of an assessment. Therefore, the district court did not have jurisdiction over such a claim. *See Huff v. United States,* 10 F.3d 1440, 1445 (9th Cir.1993); *Elias v. Connett,* 908 F.2d 521, 527 (9th Cir.1990). In addition, the notice of deficiency requirement under 26 U.S.C. § 6212 falls under chapter 63 of the tax code which is entitled "assessment." This illustrates that the failure to send a notice of deficiency is part of the assessment process. *Cf. Miller,* 66 F.3d at 222 ("Because the statutory requirements of 'notice and demand' [for payment after the IRS has made an assessment pursuant to § 6203] are under § 6303, chapter 64, Collection, 'notice and demand' is a collection procedure."); *Ludtke v. United States,* 84 F.Supp.2d 294, 303 (D.Conn.1999) (holding that the lien procedures are a collection practice because the lien procedures are listed under Chapter 64 of the Internal Revenue Code entitled "Collection").

Bjerke's argument that alleged violations of the bankruptcy court's automatic stay are cognizable under § 7433 also fails. Section 7433 only authorizes suits for violations of the title in which it appears—Title 26. Thus, violations of the bankruptcy code are not cognizable under the terms of the version of § 7433 in effect at the time Bjerke brought his action. Bjerke argues, for the first time on appeal, that the district court has jurisdiction over the IRS' alleged violation of the bankruptcy court's stay and discharge under § 7433 because the IRS' actions violated § 6325 of Title 26. We will not consider this claim because it was not presented to the trial court. *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 49 L.Ed.2d 826 (1976); *EEOC v. Dinuba Med. Clinic,* 222 F.3d 580, 585 n. 2 (9th Cir.2000).

II

Summary judgment was properly granted for defendants on the other claims as well. Bjerke's § 7432 claim, which is based on allegedly invalid post-petition liens occurring in 1996 and 1997, fails because he has alleged exhaustion only of his complaints about liens occurring prior to 1994. *See* 26 U.S.C. § 7432(d)(1) (requiring exhaustion). L.J.C. Corporation and Federal Contractors' claims fail because both §§ 7432 and 7433 allow only the "taxpayer" to sue. *See Allied/Royal Parking L.P. v. United States,* 166 F.3d 1000, 1003 (9th Cir.1999) (discussing § 7433). To the extent they could have brought wrongful levy claims under 26 U.S.C. § 7426, such claims are barred because they were not brought within the nine months of the allegedly wrongful levies. *See* 26 U.S.C. § 6532(c)(1), 7426(h). Because all plaintiffs' §§ 7432 and 7433 claims fail, summary judgment was properly also granted on plaintiffs' request for attorney's fees under 26 U.S.C. § 7430.

IV

Because we have concluded that the district court properly granted summary judgment on all claims for the reasons given above, we need not reach the other arguments raised by plaintiffs.

**AFFIRMED.**